
IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTER AND TRAP AND TRACE DEVICE FOR WHATSAPP ACCOUNT NUMBER +523334754519 | No. 2:25-MJ-3  Filed Under Seal |

## APPLICATION

The United States of America, moving by and through AUSA J. Gregory Bowman, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of a pen register and trap and trace devices ("pen/trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to and from the WhatsApp, LLC. ("WhatsApp") account(s) listed in Attachment A. In support of this application, the United States asserts:

1. This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2. Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is the Drug Enforcement Administration ("DEA").

5. The applicant hereby certifies that the information likely to be obtained by the requested pen/trap devices is relevant to an ongoing criminal investigation of possible violations of Title 21 U.S.C. 846 and Title 21 U.S.C 1956 by Pedro Banuelos being conducted by the DEA.

6. This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(1). Specifically, the Court is a district court of the United States that "has jurisdiction over the offense being investigated." 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

7. Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9. In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to communications sent over the Internet, as described below.

10. WhatsApp is a United States company that is the provider of a wire and electronic communication service as defined by 18 U.S.C. §§ 3127(1) and 2510. Specifically, WhatsApp provides an Internet-based multimedia messaging service, WhatsApp Messenger, via a cross-platform smartphone application that enables users to send to, or receive from, other users of the service calls and messages.

11. More specifically, the smartphone-based WhatsApp Messenger allows users to exchange, inter alia, text messages, audio messages, video messages, and files such as documents and photos with other WhatsApp users. Users can also engage in real-time voice and video calls and participate in group chats. The smartphone application can be paired with the browser-based WhatsApp Web service to achieve similar functionality from laptop and desktop computers. In order to send or receive messages via WhatsApp Messenger or WhatsApp Web, the relevant device must connect to the Internet.

12. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol ("IP") address. This number is used to route information between devices. Generally, when one Internet-connected device (such as a smartphone or laptop) requests information from a second device (such as WhatsApp servers hosting data relating to the subscriber's WhatsApp account), the requesting device specifies its own IP address so that the responding device knows where to send its response. An IP address is analogous to a telephone number and can be recorded by a pen/trap device, and it indicates the identity of the communicating device without revealing the communication's content.

13.     Each WhatsApp account has a unique account identifier in the form of the telephone number of the mobile phone upon which the user has installed the WhatsApp Messenger application. These phone numbers are used by WhatsApp users to identify the intended recipient of the messages that they send as well as the sender of messages that they receive; they are like the telephone numbers of incoming outgoing calls because they indicate both origin and destination(s). These telephone numbers/account identifiers can be recorded by a pen/trap device and can be used to identify parties to a communication without revealing the communication's content.

14.     The conduct being investigated involves use of the WhatsApp account(s) described in Attachment A. To further the investigation, investigators request to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from the account(s). The pen/trap devices sought to be installed and used pursuant to the order resulting from this application will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the WhatsApp account(s) described in Attachment A, including:

- the source and destination WhatsApp account(s);
- the date, time, and duration of the communication; and
- IP address used in conjunction with the communication, including IP address associated with access to the target WhatsApp account(s).

## GOVERNMENT REQUESTS

15.     For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of a pen/trap device to record, decode, and/or capture the dialing, routing, addressing, and signaling information associated with each communication to or from the WhatsApp account(s) described in Attachment A, including source and destination WhatsApp account, the date, time, duration of the communication, and Internet Protocol address, including Internet Protocol address associated with access to the target WhatsApp account(s), without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

16.     The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

17.     The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order WhatsApp and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen/trap device, including installation and operation of the pen/trap devices unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the DEA pursuant to 18 U.S.C. § 3124(c) for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

18.     The United States further requests that the Court order WhatsApp and any other person or entity whose assistance may facilitate execution of this Order provide prior notice to

the applicant and the DEA before terminating or changing service to the account(s) listed in Attachment A.

19. The United States further requests that the Court order that the DEA and the applicant have access to the information collected by the pen/trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

20. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order WhatsApp and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen/trap device, or this investigation, unless and until authorized by this Court, except that WhatsApp may disclose this Order to an attorney for WhatsApp for the purpose of receiving legal advice.

21. The United States further requests that this application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

22. The United States further requests that the Clerk of the Court provide the United States Attorney's Office with one certified copy of this application and Order, and provide copies of this Order to the DEA and WhatsApp upon request.

23. The foregoing is based on information provided to me in my official capacity by agents of the DEA.

I declare under penalty of perjury that the foregoing is true and correct.

FRANCIS M. HAMILTON III
United States Attorney

By: *[signature]*
J. GREGORY BOWMAN
Assistant U.S. Attorney
BPR# 017896
220 West Depot Street, Ste. 423
Greeneville, TN 37743
(423) 639-6759
Greg.Bowman@usdoj.gov

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by WhatsApp, LLC. ("WhatsApp"), and my title is _____. I am qualified to authenticate the records previously produced and listed in Attachment A, attached hereto, because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records previously produced and listed in Attachment A, attached hereto, are true duplicates of the original records in the custody of WhatsApp. I further state that:

    a.    all records previously produced and listed in Attachment A, attached hereto, were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of WhatsApp, and they were made by WhatsApp as a regular practice; and

    b.    such records were generated by WhatsApp's electronic process or system that produces an accurate result, to wit:

        1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of WhatsApp in a manner to ensure that they are true duplicates of the original records; and

        2.    the process or system is regularly verified by WhatsApp, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____    _____
Date                              Signature